## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| NORTH POINTE HOLDINGS (BVI) | ) | |
| LTD. (in Liquidation), *et al.,* | ) | Case No. 18-24659-AJC |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | Jointly Administered |
| | ) | |

## MOTION FOR EXTENSION OF TIME TO FILE NOTICES OF REMOVAL

Hadley Chilton, Michael Pearson, and Stephen Briscoe, solely in their capacity as liquidators and foreign representatives (the "***Foreign Representatives***") of the jointly administered entities (collectively, the "***Debtors***"), file this motion seeking an Order substantially in the form attached hereto as <u>Exhibit A</u>, (the "***Proposed Order***") to extend time pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) for the Foreign Representatives to file notices of removal, should such notices be appropriate, and respectfully shows the Court as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases is proper in this District pursuant to 28 U.S.C. §§ 1408, 1409 and 1410.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Procedural Background

2.      On November 26, 2018 (the "***Petition Date***"), the Foreign Representatives commenced this action by filing a Petition for Recognition of Foreign Proceeding.  [Dkt. No. 1].

3.      On November 27, 2018, the Foreign Representatives filed a Motion for Joint Administration, seeking to procedurally consolidate twelve (12) related cases (the "***Joint Administration Motion***").  [Dkt. No. 2].

4.    On November 27, 2018, the Foreign Representatives also filed a *Verified Petitions for Orders Recognizing Foreign Main Proceedings and Granting Additional Relief and Memorandum of Law in Support Thereof* (the "**Motion for Recognition**") (Dkt. No. 3), and the *Declaration of Michael Pearson in Support of Petition for Order Recognizing Foreign Main Proceeding and Granting Additional Relief* (the "**Declaration**"). [Dkt. No. 4].

5.    This Court held a hearing on January 10, 2019, to consider both the Motion for Recognition and the Joint Administration Motion.  On January 14, 2019, the Court entered Orders granting both the Motion for Recognition and the Joint Administration Motion.  [Dkt. No. 23, 24].

## Request for Relief

6.    The Foreign Representatives seek an entry of the Proposed Order extending the time period for which the Foreign Representatives have to file notices of removal pursuant to 28 U.S.C. § 1452, and Rules 9006(b)(1) and 9027 of the Federal Rules of Bankruptcy Procedure by ninety additional day through and including July 13, 2019.

## Basis For Relief Requested

7.     Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) sets forth the time periods for filing a notice to remove a claim or cause of action pending when the case under the Bankruptcy Code is commenced, and states:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

      8.      With regard to the enlargement of time, Bankruptcy Rule 9006(b) provides that,

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b)(1). While Bankruptcy Rule 9006(b) explicitly declines to enlarge the time for taking action under certain Bankruptcy Rules, it does not prevent the enlargement of time for removal actions.

      9.      It is well settled that bankruptcy courts are authorized to expand the removal period provided for by Bankruptcy Rule 9027. *See In re Doling*, 2014 WL 2644730 at *2-3 (Bankr. M.D. Fla. June 12, 2014) (extending the time for filing the notice of removal pursuant to Bankruptcy Rule 9006(b)(1)); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) ("Considered *in pari materia* with Rule 9027, Rule 9006 provides authority to enlarge the thirty-day period for removing actions arising under the Bankruptcy Code."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (concluding the court may enlarge the Bankr. R. 9027 period for filing a removal action pursuant to Bankr.R. 9006(b)(1)).

      10.      The Foreign Representatives submit that this Motion is timely submitted under the requirements of Bankruptcy Rule 9006(b). While the Code does not explicitly define what constitutes an "order of relief" under Chapter 15, courts have concluded that the entry of an order recognizing the proceeding as a foreign main proceeding is that date of the "order of relief." *Cf. In re Fairfield Sentry Ltd.*, 452 B.R. 52, 62 (Bankr. S.D.N.Y. 2011) ("[T]he Recognition Date is properly deemed the date of the 'order for relief' for purposes of calculating the Foreign Representatives time under Section 108, as recognition allowed the Foreign Representatives to

avail themselves of the rights and remedies under the Code."); *In re Massa Falida do Banco Cruzeiro do Sul S.A.*, 567 B.R. 212, 229 (Bankr. S.D. Fla. 2017). The Court entered an Order granting the Motion for Recognition on January 14, 2019. Thus, the Foreign Representatives' deadline to file any notice of removal, pursuant to Bankruptcy Rule 9027(a)(2), would be April 14, 2019.

11.    There are certain civil actions that the Foreign Representatives are considering removing to this Court. Certain of these matters directly involve pending civil litigation in which a Debtor is a named defendant. Other pending civil actions address situations where either (a) an affiliate of a debtor is a party and therefore an adjudication against that affiliate may impact these cases, or (b) the disputes in the applicable civil action relate to matters that are currently under investigation by the Foreign Representatives related to the Debtors and as such involve core, operative sets of facts that are or may be similar to issues that are likely to come before this Court in the future. The Foreign Representatives continue to assess whether it is appropriate to remove certain of these civil actions to this Court and request the extension of time to make informed decisions on these matters. The Foreign Representatives reserve the right to request additional extensions if appropriate under the circumstances.

12.    No prior requests for the relief sought in this Motion has been made.

WHEREFORE, the Foreign Representatives respectfully request entry of an order substantially in the form attached hereto as Exhibit A, (i) granting the relief requested herein and (ii) granting such other or further relief as is just and proper.

*[Signature on Following Page]*

4

Dated: April ____, 2019
Miami, Florida

EFR LAW FIRM

/s/ Eduardo F. Rodriguez
Eduardo F. Rodriguez (Florida Bar No. 36423)
1 Alhambra Plaza, Suite 1225
Coral Gables, Florida 33134
(305) 340-0034 (telephone)

ALSTON & BIRD LLP

William S. Sugden (*pro hac vice*)
Jonathan T. Edwards (*pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)

*Attorneys for the Foreign Representatives*

# Exhibit A

# [Proposed Order]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                          )
                                                )        Chapter 15
NORTH POINTE HOLDINGS (BVI)                      )
LTD. (in Liquidation), *et al.,*                 )        Case No. 18-24659-AJC
                                                )
        Debtors in a Foreign Proceeding.         )        Jointly Administered
                                                )

### ORDER GRANTING MOTION FOR EXTENTION OF TIME TO FILE NOTICES OF REMOVAL

Upon consideration of *Motion for Extension of Time to File Notice of Removal* (the "***Motion***"), and the Court finding that the Court has jurisdiction over this matter under 28 U.S.C. § 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the form and manner of the Motion is good, sufficient, and appropriate under the circumstances; and the Court having found that no other or further notice is necessary; and the Court having found that the legal bases set forth in the Motion establish grounds for the relief granted herein; and after due deliberation, it is HEREBY ORDERED:

1.      The Motion is GRANTED.

2.      The time provided by Bankruptcy rule 9027 within which Foreign Representatives must file notices of removal is extended through and including July 13, 2019.

3.      This Order is without prejudice to the Foreign Representatives' right to seek further extensions of time within which to file notices of removal.

4.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

###

Submitted by:

William S. Sugden
ALSTON & BIRD LLP
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
Will.Sugden@alston.com

*Counsel to the Foreign Representatives*

William S. Sugden, Esq., shall serve a copy of this signed Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.