UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

North Pointe Holdings, Ltd.,
    Debtor.
_____/

Case No. 18-bk-24659-AJC
Chapter 15

### MOTION FOR PROTECTIVE ORDER AND/OR
### RESPONSE IN OPPOSITION TO MOTION TO COMPEL

Ernesto Weisson ("Weisson") and Weisson Holdings, LLC ("Holdings"), collectively ("Movants"), by and through undersigned counsel, pursuant Federal Rule of Bankruptcy Procedure 7026, hereby file this Motion for Protective Order and/or Response in Opposition to Motion to Compel in regards to the document subpoenas served upon them and in support thereof states as follows:

1. The Court entered the Recognition Order on January 11, 2019.

2. The Recognition Order states: "In accordance with section 1521(4) and the Federal Rules of Bankruptcy Procedure (the "**F.R.B.P.**") the Petitioners are authorized to conduct the examination of witnesses (including any and all parties or person subject to examination under F.R.B.P. 2004), the taking of evidence, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities."

3. This Chapter 15 proceeding is the main proceeding for approximately twelve (12) entities in total stemming from the British Virgin Islands, the Cayman Islands, and Bermuda.

4. Since the Recognition Order was entered, Weisson, through counsel has been personally responsible for responding to twenty-one (21) other subpoenas.

5. Movants seek a protective order pursuant to Fed. R. Civ. P. 26(c), made applicable herein pursuant to F.R.B.P. 7026, to limit the scope of the discovery sought.

6. The Liquidators seek information starting from January 1999 to the present. It is unclear why 20 years of information is relevant to these proceedings. It is understood that the purpose of Chapter 15 is to carry out the wishes of the foreign court and, in general, the Liquidators are entitled to broad discovery. However, discovery should be limited to the scope of the Recognition Order.

7. Most of the companies in liquidation did not exist in 1999 and several did not come into existence until 2012 or 2014.

8. Any ability to claw back any alleged assets, in accordance with Federal and State laws, only extends back four years.

9. Accordingly, Movants seek to limit the scope of time for the documents being requested.

10. Moreover, as stated in the Liquidators' Motion to Compel is they have obtained 7.9 million documents, of which 5.6 million documents were duplicative of the other 2.3 million documents or each other.

11. Based upon the subpoenas, it would seem the Liquidators should be in possession of most of what they are seeking.

12. Upon information and belief, the other principals have been giving information to the Liquidators and their attorneys, in addition to the several subpoenas already issued to non-parties by the Liquidators.

13. Upon information and belief, the Liquidators are in possession of servers and/or email domains for South Bay, Biscayne Capital and Evolution Partners.

14. Moreover, the Liquidators, over the objection of Weisson, threatened a secretary, who was in possession of a storage key, to turn it over. That storage unit contained both personal

and work-related documents of the Movants. Movants have not received copies of their own documents that were in the storage but were provided an index that is 95 pages long of what was confiscated.

15. Accordingly, to not force the Movants to do unnecessary and duplicative work, Movants seek to narrow the requests to information not already in the possession of the Liquidators.

16. Additionally, several of the communications and documents sought are between movants and either family or friends.

17. Movants seek to limit the scope of these requests to exclude matters not related to these proceedings, including personal matters and other business ventures that have nothing to do with the Debtors of these proceedings.

18. Movants also request this Court issue a protective order preventing the public disclosure of the Movants' financial information and limit the use of that information for purposes of the foreign bankruptcy proceedings only. *See, e.g., Chevron Corp. v. Berlinger*, 629 F. 3d 297, 306 (2d Cir. 2011) (affirming the issuance of a discovery order directing that "[t]he material produced under the district court's order shall be used by the petitioners solely for litigations, arbitration, or submission to official bodies, either local or international").

19. Movants request the protective order provide that disclosure of confidential information (i) must only be made to the Liquidators and their counsel and (ii) may only be used for purposes of the specific foreign liquidation proceedings recognized by this Court through the Chapter 15 proceedings.

20. The latter protection is commonly ordered. *See e.g., Sperry Rand Corp. v. Rothlein*, 288 F. 2d 245, 246, 249 (2d Cir. 1961) (finding that the "order by the district court ejoin[ing] the

plaintiff from making any use whatsoever, in any proceeding other than the one pending in [that district court], f information and evidence disclosed by the defendants in the course of discovery proceeding sin the pending case" was within the district court's discretion).

21.   The protective order should limit the scope of the discovery to assets and/or transactions, if any, directly related to the twelve entities being jointly administered under this Chapter 15 proceeding.

WHEREFORE, Movants respectfully request the entry of an order: (i) granting the Motion; (ii) entering a protective order (a) providing that any documents produced must only be disclosed to the Trustee and counsel, (b) providing that any documents produced may not be made public, (c) providing that any documents produced may not be used in connection with any proceeding other than the Debtors', subject of the joint consolidation order entered in this matter, foreign liquidation proceedings, (d) requiring the liquidators to re-assert the requests to items they actually need and not already in their possession, (e) requiring the liquidators to re-assert the request in detail so as to cover only certain transactions, assets, matters, or topics directly related to the assets of the Debtors subject of the joint consolidation order entered in this matter, (f) limiting the relevant time period of the requests to withing four years prior to service of the Subpoenas; and (iii) providing for such other or further relief this Court deems just and proper.

Dated: January 15, 2020

By:  /s/ Angelena M. Root
    Angelena M. Root
    Florida Bar No. 101751
    Angelena M. Root, P.A.
    1931 Cordova Road, #303
    Fort Lauderdale, Florida  33316
    Telephone:    (954) 986-2101
    Email: amrootesq@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was furnished on January 15, 2020, via CM/ECF to:

Eduardo F. Rodriguez – eddie@efrlawfirm.com;
William Sugden – Will.Sugden@alston.com
Aaron Weiss – aweiss@carltonfields.com, mramudo@carltonfields.com, zludens@carltonfields.com.

                                          By: _/s/ Angelena M. Root_____
                                                Angelena M. Root