**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

NORTH POINTE HOLDINGS (BVI) LTD,
(in Liquidation) *et al.*,

Case No. 18-24659-AJC
Chapter 15
(Jointly Administered)

Debtors in Foreign Proceedings[1],
_____/

**CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED VERSION
OF THE PARTY IN INTEREST JOINT OFFICIAL LIQUIDATORS OF MADISON
ASSET LLC (IN LIQUIDATION)'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS FROM THE BISCAYNE ENTITIES AND SGG**

Party-in-interest Joint Official Liquidators of Madison Asset LLC (In Liquidation)

("Madison"), by and through undersigned counsel, files this motion pursuant to Local Rule 5005-

1(A)(4) (the "**Seal Motion**") for the entry of an order authorizing Madison to file under seal an

unredacted version of Madison's Motion to Compel the Production of Documents from the

Biscayne Entities and SGG (the "**Motion to Compel**"), and for the Motion to Compel to remain

under seal even after the administrative closing of this case, and in support of the Seal Motion

respectfully states as follows:

**RELEVANT BACKGROUND**

1.      Michael Pearson, Anna Silver, and Andrew Childe (the "**Liquidators**"), solely in

their capacity as the joint official liquidators and duly authorized foreign representatives of the

---

[1] [1] The "**Chapter 15 Debtors**" are (i) Diversified Real Estate Development Ltd. (in Official Liquidation); (ii) GMS Global Market Step Up Note Ltd. (in Official Liquidation); (iii) Preferred Income Collateralized Interest Ltd. (in Official Liquidation); (iv) Sentinel Investment Fund SPC (in Official Liquidation); (v) SG Strategic Income Ltd. (in Official Liquidation); (vi) Sports Aficionados Ltd. (in Official Liquidation); (vii) Vanguardia Group Inc. (in Official Liquidation); (viii) Vanguardia Holdings Ltd. (in Liquidation); (ix) Spyglass Investment Management Ltd. (in Liquidation); (x) North Pointe Holdings (BVI) Ltd. (in Liquidation); (xi) Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation); and (xii) Biscayne Capital (B.V.I.) Ltd. (in Liquidation).

above-captioned Chapter 15 Debtors (the "**Biscayne Entities**") have filed a *Motion for Order Pursuant to 11 U.S.C. §§ 1521 and 1507 (A) Staying Certain Pending Litigation and (B) Granting Related Relief* [D.E. 130] (the "**Stay Motion**") and a *Motion for Order (A) Approving Compromise and Settlement, (B) Entering Bar Order in Association Therewith, and (C) Granting Related Relief* [D.E. 131] (the "**Settlement Motion**," and together with the Stay Motion, the "**Contested Matter**").

2.    Parties-in-interest (including Madison) have sought discovery from the Liquidators in the Contested Matter pursuant to the *Agreed Order Authorizing (1) Form and Manner of Notice, (2) Filing Under Seal of Certificate of Service, and (3) Scheduling Hearing Date and Related Deadlines in Respect of (I) Motion of Joint Official Liquidators (in Their Capacity as Foreign Representatives) for Order (A) Approving Compromise and Settlement, (B) Entering Bar Order in Accordance Therewith, and (C) Granting Related Relief, and (II) Motion of the Joint Official Liquidators (in Their Capacity as Foreign Representatives) for Order Pursuant to 11 U.S.C. §§ 1521 and 1507 (A) Staying Certain Pending Litigation and (B) Granting Related Relief* [D.E. 135] (the "**Scheduling Order**").

3.    To faciliate and expedite the production of documents that the Liquidators assert are confidential or privileged (including a Draft Statement of Claim and Defenses[2]), the Liquidators and certain parties-in-interest (including Madison) have agreed upon the form of a Stipulated Protective Order (the "**Protective Order**") but it has not yet been submitted to this Court for entry as it is not currently fully executed.  A copy of the agreed upon but not yet fully executed Protective Order is attached hereto as **Exhibit A**.

4.    The Stipulated Protective Order calls for all Designated Material filed with this

---

[2] Capitalized terms not defined herein have the same meaning and definition as provided in the Protective Order.

Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal.  See Protective Order, Section 14.

5.      Under the Scheduling Order, the deadline for parties-in-interest to file motions to compel discovery related to the production of documents in the Contested Matter shall be filed on or before August 29, 2022.  [D.E. 135, ¶ 8.f.].

## RELIEF REQUESTED

6.      The Motion to Compel refers to and discusses material the Liquidators has labeled Highly Confidential or Confidential Material per the Protective Order.  Therefore, Madison moves for leave to file an unredacted version of the Motion to Compel under seal.

7.      Madison will serve copies of the unredacted version of the Motion to Compel upon the Chapter 15 Debtors and the SGG parties: SGG Management (BVI) Limited, SGG Management (Curacao) N.V. (together, "**SGG**").

## BASIS FOR RELIEF

8.      Section 107(b) of the Bankruptcy Code provides an exception to the general requirement that a paper filed in bankruptcy court is a matter of public record, and empowers this Court to issue orders to protect entities from the risk of disclosing confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) Protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b).

9.      Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On a motion or on its own, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018.

10.    Accordingly, this Court can order limited access to filed documents where parties demonstrate good cause.  Without admitting or denying the asserted confidential nature of the information contained in the Motion to Compel, if information to be filed in a bankruptcy case qualifies as "commercial information," then a court should, upon motion of a party in interest, allow such information to be filed under seal."  *See, e.g., In re Orion Pictures Corp.*, 21 F. 3d 24, 28 (2d Cir. 1994) (noting that section 107(b) does "not require that commercial information be the equivalent of a trade secret before protecting such information") (emphasis and citations omitted); *In re Transbrasil S.A. Linhas Aereas*, 644 Fed. Appx. 959, 962 (11th Cir. 2016) (noting that section 107(b) "does not require the bankruptcy court to find a compelling interest or even good cause" to seal documents, "[r]ather, upon determining that a movant has identified information that qualifies for protection under § 107(b), the bankruptcy court *shall* protect the information") (emphasis in original); *In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D. N.Y. 2003) (recognizing that "commercial information" – i.e., "information that could reasonably be expected to cause the entity commercial injury" – can be protected under the Bankruptcy Code and Bankruptcy Rules).

11.    Here, the Motion to Compel discusses discovery material that the Liquidators has labeled Highly Confidential or Confidential Material and that the yet to be entered Protective Order requires to be filed under seal.  Thus, adequate cause exists for this Court to grant the Seal Motion and allow Madison to file the Motion to Compel under seal.

12.    The Biscayne Entities and SGG have consented to this Seal Motion.

4

13.    Additionally, in accordance with Local Rule 5005-1(G)(1), Madison attaches as **Exhibit B** a proposed order granting this Seal Motion, which will also be uploaded via CM/ECF in accordance with this Court's Guidelines for Preparing, Submitting and Serving Orders.

**WHEREFORE**, Madison respectfully requests that this Court enter the order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing Madison to file an unredacted version of the Motion to Compel under seal and (ii) providing any further relief that the Court deems just and proper given the circumstances.

Dated: August 29, 2022

*/s/ Lara Roeske Fernandez*
LARA ROESKE FERNANDEZ
Florida Bar No. 0088500
lfernandez@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474

And

REID COLLINS & TSAI LLP

Jeffrey E. Gross (admitted pro hac vice)
Vincenzo A. Novelli (admitted pro hac vice)
330 West 58th Street, Suite 403
New York, NY  10019
(212) 344-5200
jgross@reidcollins.com
vnovelli@reidcollins.com

Jordan L. Vimont (admitted pro hac vice)
1301 S. Capital of Texas Hwy, Building C, Suite 300
Austin, Texas 78746
(512) 647-6100
jvimont@reidcollins.com

*Counsel for Joint Official Liquidators of Madison Asset LLC (In Liquidation)*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on agosto 29, 2022, a true and correct copy of the foregoing was furnished by CM/ECF to all registered CM/ECF recipients.

*/s/ Lara Roeske Fernandez*
Lara Roeske Fernandez

# **<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| North Pointe Holdings (BVI) Ltd. (in Liquidation), *et al*., | Case No. 18-24659-AJC |
| Debtors in Foreign Proceedings.[1] | Jointly Administered |

## <u>STIPULATED PROTECTIVE ORDER</u>

This Stipulated Protective Order ("***Order***") is entered into by and among: (a) Michael

Pearson, Anna Silver, and Andrew Childe, solely in their capacity as the joint official liquidators

and duly authorized foreign representatives of the above-captioned Chapter 15 Debtors (the

"***Liquidators***"); (b) SGG Management (BVI) Limited, SGG Management (Curaçao) N.V., Herman

---

[1] The "***Chapter 15 Debtors***" are (i) Diversified Real Estate Development Ltd. (in Official Liquidation); (ii) GMS Global Market Step Up Note Ltd. (in Official Liquidation); (iii) Preferred Income Collateralized Interest Ltd. (in Official Liquidation); (iv) Sentinel Investment Fund SPC (in Official Liquidation); (v) SG Strategic Income Ltd. (in Official Liquidation); (vi) Sports Aficionados Ltd. (in Official Liquidation); (vii) Vanguardia Group Inc. (in Official Liquidation); (viii) Vanguardia Holdings Ltd. (in Liquidation); (ix) Spyglass Investment Management Ltd. (in Liquidation); (x) North Pointe Holdings (BVI) Ltd. (in Liquidation); (xi) Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation); and (xii) Biscayne Capital (B.V.I.) Ltd. (in Liquidation).

Oosten, and Saphilux S.à.r.l.; (c) certain persons or entities seeking discovery in this matter and that are signatories to this Order; and (d) any other persons or entities who become bound by this Order by signifying their assent through execution of <u>Exhibit A</u> hereto. Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "***Party***," and collectively as the "***Parties***." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and, with respect to the existing Contested Matter (as defined below), pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "***Federal Rules***").

## Recitals

WHEREAS, the Liquidators have filed a *Motion for Order Pursuant to 11 U.S.C. §§ 1521 and 1507 (A) Staying Certain Pending Litigation and (B) Granting Related Relief* [D.E. 130] (such motion, the "***Stay Motion***") and a *Motion for Order (A) Approving Compromise and Settlement, (B) Entering Bar Order in Association Therewith, and (C) Granting Related Relief* [D.E. 131] (such motion, the "***Settlement Motion***," and together with the Stay Motion, the "***Contested Matter***").

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Contested Matter and pursuant to the *Agreed Order Authorizing (1) Form and Manner of Notice, (2) Filing Under Seal of Certificate of Service, and (3) Scheduling Hearing Date and Related Deadlines in Respect of (I) Motion of Joint Official Liquidators (in Their Capacity as Foreign Representatives) for Order (A) Approving Compromise and Settlement, (B) Entering Bar Order in Accordance Therewith, and (C) Granting Related*

Error! Unknown document property name.

*Relief, and (II) Motion of the Joint Official Liquidators (in Their Capacity as Foreign Representatives) for Order Pursuant to 11 U.S.C. §§ 1521 and 1507 (A) Staying Certain Pending Litigation and (B) Granting Related Relief* [D.E. 135] (the "**Scheduling Order**"), including through informal or formal requests (collectively, "**Discovery Requests**") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**");

WHEREAS, the Parties have agreed that (i) the production by the Liquidators and/or SGG of the Draft Statement of Claim and Defenses (as "Draft Statement" is defined in the Settlement Motion, and "Defenses" refers to the initial responses submitted by SGG and referred to in the Settlement Agreement) to a Receiving Party does not waive any mediation (or BVI law's without prejudice) privilege that may apply as to other Discovery Material (as defined below) over which the Liquidators and/or SGG are asserting that same privilege; (ii) the Receiving Party will not raise the argument that the production of these documents constitutes a waiver of mediation (or BVI law's without prejudice) privilege with respect to any other Discovery Material, and (iii) the Receiving Parties agree they will not join any such argument raised by any other party. The Receiving Parties dispute, and continue to dispute, whether a mediation privilege or "without prejudice" privilege exists in this Court, or whether either privilege applies to any documents that the Receiving Parties have requested.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, limit the scope of privilege disputes between the Parties, and to protect Discovery Material that a Party asserts is confidential or privileged, it is hereby stipulated and agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material:

Error! Unknown document property name.

**Scope of Order**

1.     This Order applies to all information, documents, and things exchanged in or subject to discovery that is produced pursuant to the Scheduling Order, by a Party (each a "***Producing Party***"), to any other Party (each a "***Receiving Party***"), formally or informally, either prior to or after the filing of a judicial proceeding in this Court, in response to or in any way related to any Discovery Requests, including without limitation, deposition testimony, subpoenas, responses to subpoenas, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "***Discovery Material***").

2.     This Order does not affect, amend, or modify any existing formal or informal confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.     For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with the Contested Matter.

4.     Any Party or its counsel serving a subpoena or request upon a non-Party consistent with this Court's June 21, 2022 Order, which subpoena or request requires the production of documents or testimony, may serve a copy of this Order and instruct the non-Party recipient of such subpoena or request that he, she or it may designate documents or testimony produced pursuant to such subpoena or request according to the provisions herein upon signing <u>Exhibit A</u> and agreeing to be bound by the terms of this Order.

Error! Unknown document property name.

5.    With respect to the assertion of mediation privilege specifically, as disclosed in the Settlement Motion, the Liquidators and SGG engaged in an extensive mediation process. The Liquidators and SGG assert that the process began on May 1, 2021 (the "***Mediation Commencement Date***") and continued through to April 13, 2022, which is when the mediation culminated in an executed settlement agreement. The Liquidators and SGG assert the mediation privilege, along with other privileges, for all documents exchanged, and communications had, among the parties from and after the Mediation Commencement Date to April 13, 2022. And the Receiving Parties assert a "mediation privilege" has not been recognized in this Circuit and if it did exist, it does not prohibit the production of requested discovery. Notwithstanding the foregoing, the Liquidators and SGG are prepared to produce the Draft Statement of Claim and Defenses, both of which are documents exchanged among the parties subsequent to the Mediation Commencement Date, in exchange for the Receiving Parties agreeing that: (a) they will not argue that the production of such documents constitutes a waiver of any privileges with respect to any other Discovery Materials, and (b) they will not join any argument made by any other party that such a production constitutes a waiver with respect to any other Discovery Materials.

**Designating Discovery Material**

6.    Any Producing Party may designate Discovery Material as "***Confidential Material***" or "***Highly Confidential Material***" (any such designated Discovery Material, "***Designated Material***") in accordance with the following provisions:

(a)    Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential, technical, business, financial, personal or other information of a nature that can be protected under

5

the Bankruptcy Rules or any other Federal Rule or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

      (b)    <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes "Personal Data," i.e., any information that is of such a nature that a risk of breach of applicable laws or regulations in the United States, the Cayman Islands, or elsewhere would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 11 of this Order.  Personal Data constitutes materials requiring special protection, and is of the nature of Social Security Numbers, passport numbers, or an individual's bank account information or personal financial information.

    7.    <u>Manner of Designating Discovery Material</u>: Where reasonably practicable, any Discovery Material other than oral deposition testimony shall be designated by the Producing Party as such by marking each such page "Confidential," or "Highly Confidential," as applicable. Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name thereof or on a slip sheet attached thereto. A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential."

Error! Unknown document property name.

(a)   <u>Challenges to Designations</u>. If a Receiving Party objects to any designation of Confidential Information or Highly Confidential Information, that Receiving Party first shall raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute relative thereto. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 7026-1 of this Court and Fed. R. Bank. P. 7037.

(b)   <u>Production of Highly Confidential Documents</u>. To the extent a Producing Party designates documents it produces as "Highly Confidential," a Receiving Party may request that a Producing Party produce a version of the document in a version that redacts the aspects of the document that led to the designation as "Highly Confidential." The Producing Parties agree to produce such alternative versions of the documents so long as the requests are not unduly burdensome.

8.   <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Confidential Material ("***Misdesignated Material***"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later

7

designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

**Use and Disclosure of Confidential or Highly Confidential Material**

9.    <u>General Limitations on use and Disclosure of all Discovery Material</u>: All Discovery Material shall be used by the Receiving Parties solely in the Contest Matter and any appeal of any decision in respect of the Contested Matter, and not in any other litigation or judicial proceedings, including any other proceeding in this Chapter 15 bankruptcy case, or for any business, competitive, governmental, commercial, or administrative purpose or function.

10.    <u>Confidential Material</u>: Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)    Outside counsel of record or in-house counsel who represent any Party in this Chapter 15 case, as well as stenographic, clerical and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Material;

(b)    Parties, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to the Contested Matter and are obligated to such signatory in a manner that the signatory would have a legal remedy against such person or entity were such person or entity to disregard the signatory's instruction to comply with this Order;

(c)    the U.S. Trustee;

(d)    any other persons specified in Paragraph 11;

8

(e)     industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Contested Matter;

(f)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(g)     for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however, that such Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Confidential Material and such person shall be bound (in the manner provided by Paragraph 13 below) by this Order to not disclose any Confidential Material except in the course of testifying in this Contested Matter;

(h)     any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary;

(i)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Contested Matter, provided that each such person or entity is obligated to such signatory in a manner that the signatory would have a legal remedy against such person or entity were such person or entity to disregard the signatory's instruction to comply with this Order;

9

(j)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Contested Matter;

(k)    the Court, its officers and clerical staff in the Contested Matter;

(l)    any other person or entity with respect to whom the Producing Party may consent in writing; provided that such person shall first execute Exhibit A;

(m)    any other person, only upon order of the Court.

11.    Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to, or communicated only to the following:

(a)    outside counsel of record, as well as stenographic, clerical and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Material;

(b)    one designated representative of a Party, unless a Producing Party has produced a redacted version of the document pursuant to Paragraph 7(b), in which case only the redacted version can be shared with the designated representative;

(c)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)    industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Contested Matter; provided that counsel desiring to disclose Highly Confidential Material to such advisors, experts or consultants (and their respective staff) shall first obtain a signed Exhibit A from each such advisor, expert or consultant and each of his/her

Error! Unknown document property name.

personnel who would require access to Highly Confidential Material, and counsel shall retain in his/her file an original or copy of each such signed Exhibit A;

      (e)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Contested Matter;

      (f)    the Court, its officers, and clerical staff in the Contested Matter; and

      (g)    any other person, only upon order of the Court.

12.    Designated Material to be Disclosed Only in Accordance with Paragraph 10 and 11:  Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except as provided in Paragraph 11 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except as provided in Paragraph 10 of this Order.

13.    Prerequisite to Disclosure of Confidential Material: Before any person or their representative identified in Paragraph 10(g), 10(h), or 10(m) hereof is given access to Confidential or Highly Confidential Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto. Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Confidential or Highly Confidential Material to the person who was provided such access. Such executed Exhibit A shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

14.    Sealing of Designated Material Filed with or Submitted to Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or

Error! Unknown document property name.

Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.  No further motions to seal need to be filed prior to or in connection with filing of such Designated Material under seal. When filing Designated Material under seal, the Parties shall reference this Order as the prior order authorizing the filing of such Designated Material under seal (*see* Local Rule 5005-1(A)(4)(c)(iii)). To the extent a Party is filing a document electronically, such Party shall not file Local Form "Cover Sheet to Accompany Items Conventionally Submitted for Sealing or In Camera Review."

      15.   <u>Use of Discovery Material in Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this Paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 24 hours' prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

Error! Unknown document property name.

**Depositions**

16.     <u>Deposition Testimony – Manner of Designation</u>: In the case of depositions, if counsel for a Party or Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below. Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.

17.     <u>Designated Material Used as Exhibits During Depositions</u>: Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Designated Material entered as exhibits at depositions, which documents shall be subject to the general designation process outlined in Paragraphs 6 through 8 above.

18.     <u>Witness Review of Deposition Testimony</u>: Nothing in Paragraph 16 hereof shall preclude the witness from reviewing his or her deposition transcript.

19.     <u>Presence of Persons During Deposition Testimony</u>: Anyone who wishes to attend a deposition must become a Party to this Order prior to such deposition by executing Exhibit A annexed hereto (though paragraph 5 thereof may be marked as N/A if inapplicable). When

13

Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

20.    <u>Responsibilities and Obligations of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

21.    This Order is a procedural device intended to protect Discovery Materials. Nothing in this Order shall affect any Party's rights or obligations unrelated to the Discovery Materials.

22.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

23.    <u>Unauthorized Disclosure of Discovery Material</u>: In the event of a disclosure by a Receiving Party of Discovery Material to persons or entities not authorized by this Order to receive such Discovery Material, the Receiving Party making the unauthorized disclosure shall, upon

14

learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Discovery Material subject to this Order; immediately make reasonable efforts to recover the disclosed Discovery Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Discovery Material and ensure against further dissemination or use thereof. Disclosure of Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.    <u>Production of Privileged Discovery Material</u>: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Immediately after receiving such notification, the Receiving Party shall, as instructed, return, or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as

Error! Unknown document property name.

privileged or protected and moving to compel production of allegedly privileged or protected documents. If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

25.    <u>Use of Non-Discovery Material</u>: To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "***Non-Discovery Material***"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with the Contested Matter.

26.    <u>Obligations Following Conclusion of the Contested Matter</u>: Within 90 days of the later of the conclusion of the Contested Matter, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition recordings, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as

Error! Unknown document property name.

provided in this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding. If a Receiving Party is the subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Party's Discovery Material, and the Parties follow the procedure set forth in Paragraph 28, to the extent disclosure is permitted, the Receiving Party will not be obligated to return or destroy the Discovery Material within 90 days of conclusion of the Contested Matter, but will return to destroy them as soon as possible consistent with an order of a court.

27.    <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order</u>: The provisions of this Order shall survive the final termination of the Contested Matter for any retained Discovery Material. The final termination of the Contested Matter shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

28.    <u>Disclosure of Discovery Material in Other Proceedings</u>: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be

17

permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

29.    <u>Use of Discovery Material by Producing Party</u>: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and, subject to Paragraph 26, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

30.    <u>Obligations of Parties</u>: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Contested Matter.

31.    <u>Advice of Counsel</u>: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Contested Matter and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

32.    <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**EFR LAW FIRM**

_____

Eduardo F. Rodriguez
(Florida Bar No. 36423)

18

Email: eddie@efrlawfirm.com
1 Alhambra Plaza, Suite 1225
Coral Gables, Florida 33134

and

**ALSTON & BIRD LLP**

William Sugden
(*Admitted pro hac vice*)
Email:  will.sugden@alston.com
Leah Fiorenza McNeill
(*Admitted pro hac vice*)
Email: leah.mcneill@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309

*Attorneys for the Joint Official Liquidators*
*and Foreign Representatives*

**Consented to by:**

**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**

Elizabeth M. Velez
The Chrysler Building
405 Lexington Avenue, 64th Floor
New York, New York 10174
Telephone: (212) 826-7001

*Attorneys for Rose Financial Limited Partnership,*
*Silesia Limited Partnership, Clodi Holdings Ltd.,*
*Rado Limited Partnership, Diego Romay,*
*and Lea Leonor Rosio*

**GENOVESE JOBLOVE & BATTISTA, P.A.**

Peter W. Bellas
Email: Pbellas@gjb-law.com

Error! Unknown document property name.

John H. Genovese
Email: Jgenovese@gjb-law.com
Michael Friedman
Email: Mfriedman@gjb-law.com
Patrick Kalbac
Email: Pkalbac@gjb-law.com
100 S.E. 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-23000

*Attorneys for Plaintiffs, Lincuez, et al.*
*v. Cortes, et al., State of Florida 11th Cir.*
*Case No. 2020-004163-CA-01*

**WHITE & CASE LLP**

_____

James N. Robinson
Email: jrobinson@whitecase.com
Maria Beguiristain
Email: mbeguiristain@whitecase.com
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131

*Attorneys for SGG Management (BVI) Limited,*
*SGG Management (Curaçao) N.V., and Saphilux S. à.r.l*

**DIMOND KAPLAN & ROTHSTEIN, P.A.**

_____

Scott M. Dimond
Email: scott@dkrpa.com
Offices at Grand Bay Plaza
2665 South Bayshore Drive
Penthouse 2B
Miami, FL 33133

*Attorneys for Herman Oosten*
**REID COLLINS & TSAI LLP**

_____

William T. Reid IV (all pro hac vice)
Email: wreid@reidcollins.com

20

Jordan Vimont, Sr.
Email: jvimont@reidcollins.com
Joshua Bruckerhoff
Email: jbruckeroff@reidcollins.com
Vincenzo Novelli
Email: vnovelli@reidcollins.com
Jeffrey Gross
Email: jgross@reidcollins.com
1301 S. Capital of Texas Hwy
Suite C300
Austin, Texas 78746

-    And –

**TRENAM LAW**

_____

Lara Roeske Fernandez
Email: LFernandez@trenam.com
101 East Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Tel: (813) 223-7474

*Attorneys for Madison Asset, LLC*

**Error! Unknown document property name.**

## Exhibit A

1.      My name is _____.

2.      I reside at _____.

3.      My present employer is _____.

4.      My present occupation or job description is _____.

5.      I have been engaged as _____ on  behalf  of
_____ in the preparation and conduct of *In re North Pointe Holdings (BVI) Ltd. (in Liquidation), et al.,* Case No. 18-24659, United States Bankruptcy Court for the Southern District of Florida.

6.      I acknowledge that I have read and understand the terms of the Stipulated Protective Order ("***Order***"). I agree to comply with and be bound by all the provisions of the Order. I agree that I will not use Discovery Material for any purpose other than the Contested Matter and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Florida for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

By:_____ Executed on _____, 2022.

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>North Pointe Holdings (BVI) Ltd.<br>(in Liquidation), *et al.*,<br><br>Debtors in Foreign Proceedings.[1] | Chapter 15<br><br>Case No. 18-24659-AJC<br><br>Jointly Administered |

**[PROPOSED] ORDER GRANTING LEAVE FOR MADISON TO FILE UNDER
SEAL UNREDACTED VERSION OF THE PARTY IN INTEREST JOINT
OFFICIAL LIQUIDATORS OF MADISON ASSET LLC (IN LIQUIDATION)'S
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE
BISCAYNE ENTITIES AND SGG**
(Doc. No. __)

---

[1] The "***Chapter 15 Debtors***" are (i) Diversified Real Estate Development Ltd. (in Official Liquidation); (ii) GMS Global Market Step Up Note Ltd. (in Official Liquidation); (iii) Preferred Income Collateralized Interest Ltd. (in Official Liquidation); (iv) Sentinel Investment Fund SPC (in Official Liquidation); (v) SG Strategic Income Ltd. (in Official Liquidation); (vi) Sports Aficionados Ltd. (in Official Liquidation); (vii) Vanguardia Group Inc. (in Official Liquidation); (viii) Vanguardia Holdings Ltd. (in Liquidation); (ix) Spyglass Investment Management Ltd. (in Liquidation); (x) North Pointe Holdings (BVI) Ltd. (in Liquidation); (xi) Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation); and (xii) Biscayne Capital (B.V.I.) Ltd. (in Liquidation).

**THIS MATTER** came before the Court upon *the Consent Motion to File Under Seal Unredacted Version of the Party in Interest Joint Official Liquidators of Madison Asset LLC (In Liquidation)'s Motion to Compel the Production of Documents from the Biscayne Entities and SGG*, it is:

ORDERED as follows:

1.      The Seal Motion is GRANTED.

2.      Madison is authorized to file, under seal, an unredacted version of the Motion to Compel.

3.      Madison shall serve an unredacted version of the Motion to Compel upon counsel for the Biscayne Entities and SGG (as defined in the Seal Motion).

4.      The unredacted version of the Response shall be maintained under seal even after the administrative closing of this case; provided, however, any party in interest has the right to seek leave of the Court to have the unredacted version of the Motion unsealed subject to the right of any party to oppose such request.

5.      The Court retains jurisdiction to interpret and enforce the terms of this Order.

###

Submitted By:


*/s/ Lara Roeske Fernandez*
LARA ROESKE FERNANDEZ
Florida Bar No. 88500
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.
101 E Kennedy Boulevard, Suite 2700
Tampa, FL 33602
(813) 223-7474
Email: lfernandez@trenam.com
Counsel for Mansfield Oil Company of Gainesville, Inc.

Attorney Lara Roeske Fernandez shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).